MICHAEL BAILEY
United States Attorney
District of Arizona
CAITLIN B. NOEL
Arizona State Bar No. 033812
Email: Caitlin.Noel@usdoj.gov
BILL C. SOLOMON
Arizona State Bar No. 020012
Email: William.Solomon@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00726-001-PHX-JJT |
| Plaintiff, | **GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT** |
| vs. | |
| Rashal Loran McGhee, | |
| Defendant. | |

The United States responds to Defendant's Objections to the Presentence Report (Doc. 286) as follows:

**Defense Objection 1 (¶¶ 9-65):** Defendant denies that he was involved in the purchase of 83 guns. Specifically, he denies responsibility for the two guns purchased by Adriana Heredia, some of the guns purchased by Quentin Brown, and some of the guns purchased by Taylor Redmann. Although it makes no difference for purposes of calculating the applicable guideline range, Defendant's objection should be overruled. Ms. Heredia's subjective belief that she owned the guns she bought does not absolve Defendant of responsibility for providing her with the false address she used to purchase the guns, supplying her with cash to buy the guns, and taking possession of the guns following the purchase. (PSR ¶ 56.) When Mr. Brown pleaded guilty, he admitted he "purchased at least

11 firearms for McGhee over the course of the conspiracy." (CR 245 at 6.) And Ms. Redmann admitted she "purchased at least 14 firearms for McGhee." (CR 274 at 6.) If anything, the 83-gun number underestimates the extent of Defendant's conduct, as it excludes the 2-7 guns purchased by an unindicted straw purchaser (¶ 53) and any guns purchased at Defendant's direction from private party sellers advertising on backpage.com (¶ 30, 56).

**Defense Objection 2 (¶ 45):** Defendant contends that Paragraph 45 is misleading because codefendant Adriana Heredia purchased her two guns for herself, not for McGhee. This objection should be overruled. As noted above, Ms. Heredia's subjective belief is beside the point. Defendant provided Ms. Heredia with a false address for purposes of obtaining an Arizona ID, gave her cash to buy guns, and took possession of the guns after the purchase. (PSR ¶ 45, 56.) Due to Defendant's status as a felon, his possession of the guns was illegal regardless of Ms. Heredia's belief that she retained ownership. Paragraph 45 is not misleading and should not be deleted.

**Defense Objection 3 (¶¶ 57, 58, 61, 63):** Defendant denies any intent to intimidate through the statements described in Paragraphs 57, 58, and 63, and denies making the statements described in Paragraph 61. As a factual matter, the PSR accurately recounts Defendant's statements during an interview with ATF and in communications through Instagram. As for the threat to Ms. Shaw, the PSR accurately recounts Ms. Shaw's description of the threat to ATF agents. The challenged information does not impact the guideline range and the paragraphs should not be amended or deleted.

**Objection 4 (¶ 57):** Defendant objects to the inclusion of ATF agents' interpretation of statements he made to them during an interview the day before his arrest. The agents' interpretation is relevant given their experience interviewing subjects of criminal investigations. But the Court can reach its own conclusion about Defendant's meaning and need not consider the agents' interpretation for purposes of determining the appropriate sentence; therefore, a ruling on this objection is unnecessary.

1 **Objection 5 (¶ 61):** Defendant objects to Paragraph 61, claiming that there is "no evidence" of Defendant threatening Ms. Shaw. Ms. Shaw told ATF agents about Defendant's earlier threat after she received multiple calls from him while he was in custody following his arrest in the instant matter. Paragraph 61 accurately recounts Ms. Shaw's description of the threat. However, the information does not impact Defendant's guideline range and the United States does not intend to rely on the threat to Ms. Shaw for purposes of sentencing; therefore, the Court need not rule on this objection.

Respectfully submitted this 19th day of November, 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Caitlin B. Noel*
CAITLIN B. NOEL
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

Mark Paige, Esq.

*s/Caitlin B. Noel*
U.S. Attorney's Office