# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00726-001-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Rashal Loran McGhee, | |
| Defendant. | |

Defendant moved for withdrawal of his trial counsel (Doc. 313), and upon the Court's granting that Motion (Order at Doc. 314), Defendant commenced representing himself. The Motion to Withdraw also sought appointment of counsel "to the extent Defendant is entitled to representation of counsel, or the Court finds it appropriate to appoint counsel." (Doc. 313 at 2.) In its Order, the Court indicated it would address the request for appointment of counsel as set forth above in conjunction with Defendant's contemporaneously filed pro se Motion for Home Confinement found at Doc. 312. (Doc. 314.)

In addressing Defendant's pro se Motion for Home Confinement, and specifically his request for appointment of new counsel, the Court observed that Defendant's time to file a notice of appeal had expired many months previous, and he had not filed an appeal. Defendant having no need for appellate counsel, the Court noted the only cognizable relief he could be seeking, and for which he might seek counsel, was habeas relief pursuant to 28 U.S. C. Section 2255 or a motion for reduction of sentence under 18 U.S.C. Section

3582(c)(1)(A). A defendant is not entitled to appointment of counsel in a proceeding to reduce or modify sentence under 18 U.S.C. Section 3582(c). *United States v. Townsend*, 98 F.3d 510, 312-13 (9th Cir. 1996). The decision whether to appoint counsel in that situation, as in all proceedings post-initial appeal, is left to the sound discretion of the trial court. *Id.* This Court bases its decision to appoint counsel in such discretionary matters, in part, on whether there is some viability to a defendant's motion. Therefore, pursuant to General Order 20-28, which memorialized its regular practice, the Court referred to the Office of the Federal Defender the issue of whether there were grounds to believe Defendant's request for modification of sentence had merit. (Doc. 315.)

The Federal Defender filed a Notice indicating it saw "no basis for the appointment of counsel with respect to his request for home confinement." (Doc. 316.) The Federal Defender also noted, correctly, that Defendant's complaints about his trial counsel, which he included in his Moti0n, could only be addressed in the context of a 2255 petition, and forwarded to Defendant the forms for same, should he choose to pursue such a petition. *Id.* Based on the Federal Defender's assessment of the motion for home confinement, and the Defender's underlying reasoning, as well as the Court's independent judgment, the Court denied Defendant's motion to appoint counsel and his motion for modification of sentence. (Doc. 317 at 2.)

Defendant re-raised his Motion to Modify Sentence pursuant to Section 3582(c)(1)(A) in a subsequent filing. (Doc. 320.) Because the Court did not deny the previous motion with prejudice, and in order to give Defendant a fulsome opportunity to develop his argument for such reduction and marshal any caselaw supporting that argument, after he understood he would not receive appointed counsel, the Court accepts the Motion at Doc. 320 as properly filed.

However, as previously noted, Defendant's Motion is fatally flawed. Section 3582(c)(1)(A)(i) provides that a defendant seeking a modification of sentence may file such a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of

1. 30 days from the receipt of such a request by the warden of a defendant's facility, whichever is earlier." Defendant has presented no proof that he exhausted his administrative right with BOP—indeed, there is no suggestion he even made the request of his warden for BOP to file such a motion on his behalf under the statute. Rather, he argues that the Court should find an "exception" and waive the statute's exhaustion requirement (Doc. 320 at 6-9.) This Court has already found in a prior case that it cannot waive the exhaustion provision, which is mandatory. *See United States v. Weidenhamer*, No. 2:16-CR-1072-PHX-ROS-1, 2020 WL 1929200, at *2 (D. Ariz. April 21, 2020). The Court therefore will deny his Motion.

**IT IS ORDERED** denying Defendant's renewed Motion to Reduce Sentence or for Early Release (Doc. 320.)

Dated this 15th day of July, 2020.

_____
Honorable John J. Tuchi
United States District Judge