NOT FOR PUBLICATION

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. CR-18-00726-01-PHX-JJT |
| Plaintiff, | |
| v. | **ORDER** |
| Rashal Loran McGhee, | |
| Defendant. | |

Defendant, through appointed counsel, filed under seal a Second Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release). (Doc. 334.) The Government filed its Response (Doc. 335) in opposition under seal. Defendant filed a Reply under seal as well. (Doc. 341.) The Court has read and considered the above filings.

Defendant is serving a 53-month sentence after sustaining a conviction for Felon in Possession of a Firearm. This is at least his sixth felony conviction and his ninth overall conviction, although there was a more than ten-year gap between his current and most recent prior conviction. (Doc. 288 at 19-22.). Defendant has served over 70 percent of his sentence and his expected release date is February of 2022.

Defendant moves the Court pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as modified in the First Step Act of 2020, to reduce his sentence to time served.[1] He alleges that due to

---

[1] Alternatively, Defendant moves the Court to order that he serve the remainder of his sentence in home confinement. (Doc. 334 at 1; Doc. 341 at 1.) The Court is without authority to do so. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic

his health condition—he suffers from hypertension and low renal function—he is at greater risk of serious and even fatal consequences should he contract the COVID-19 virus.

18 U.S.C. §3582(c)(1) allows an inmate to move the Court to reduce his sentence. The statute imposes several requirements before such motion may be granted, however. First, a defendant can only make such motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §3582(c)(1)(A). Second, the Court can grant such relief if it finds "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. §3582(c)(1)(A)(i). Third, the Court must also find Defendant is not a danger to the community. 18 U.S.C. §3582(c)(1)(A).

In the instant case, the first requirement—exhaustion—is uncontested. Defendant provides copies of his request for First Step Act relief to the warden of FCI-Lompoc and the Bureau of Prisons' Notice of denial of that request. (Doc. 334, Exhs. D, E.) Defendant is therefore entitled to a review of his request on its merits. Upon such review, however, the Motion fails.

First, the Court concludes Defendant does not present an "extraordinary and compelling reason" to justify a reduction in sentence. "Congress has delegated authority to the Sentencing Commission to 'describe what should be considered extraordinary and compelling reasons for sentence reduction.'" *United States v. Ebbers*, 432 F.Supp.3d 421, 427 (S.D.N.Y. 2020). This Court thus looks to the United States Sentencing Guidelines ("Guidelines") to determine whether the reduction sought "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Application Note 1 to Section 1B1.13 of the Guidelines provides that, all other requirements being met, "extraordinary and compelling reasons exist under any of the

---

Security (CARES) Act of 2020, Pub. L. No. 116-136, 134 Stat. 281, 516 (2020) empowers the United States Bureau of Prisons (BOP) and United States Attorney General to order home confinement. It does not empower Courts to order home confinement, or any other relevant modification.

.

- 2 -

circumstances set forth below: . . . (A)(i) The defendant is suffering from a terminal illness; . . . (ii) The defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover; . . . (B) The defendant is at least 65 years old; . . . (C) The death or incapacitation of the caregiver of the defendant's minor child or children; or (D) There exists in the defendant's case an extraordinary or compelling reason other than, or in combination with," the above circumstances. U.S.S.G. § 1B1.13 n.1 (2018).

In the present case, Defendant does not attempt to qualify under sections (A), (B) or (C) of Section 1B1.13, note 1, as presenting circumstances that are "extraordinary and compelling." Defendant does not allege he suffers from a terminal illness, or any other illness that has "diminished his ability to provide self-care" while incarcerated; at age 46, he is not at least 65 years old; and he does not suggest he has experienced the death or incapacitation of a caregiver to any minor children. The only possible avenue for satisfying the statute's requirements is to show "other extraordinary and compelling reasons" under Note 1 subsection D. This Defendant cannot do.

Demonstration of a concrete, substantial risk of contracting COVID-19, combined with Defendant's pre-existing condition of hypertension,[2] which may put him at greater risk of serious consequences should he contract the virus, might constitute extraordinary and compelling circumstances within the Note's—and thus the statute's—meaning. But Defendant has only presented speculation as to his likelihood of future infection. Indeed, as of the date of drafting of this Order, February 6, 2021, FCI-Lompoc reports only two active diagnosed cases of COVID-19 among its approximately 1700 inmates, *http:/www.bop.gov/coronavirus/index.jsp*, and despite Defendant's argument characterizing the facility's prevention and treatment practices and capabilities as

---

[2] The Centers for Disease Control recognizes renal failure as a medical condition that would put a patient at heightened risk of death from contracting COVID-19, but Defendant has not been diagnosed with renal failure. He has low renal function, which, in light of his reported familial history of renal failure, may ultimately lead to such failure, but it is not at this point failure, and is being controlled.

inadequate and overwhelmed, as the government relates, the Bureau of Prisons has adopted comprehensive measures to address prevention, diagnosis, spread control and treatment. This paucity of cases is fatal to Defendant's argument, revealing it to be speculative and nothing more. The fact that COVID-19 exists among the community, and the speculation or mere possibility it may overtake a given facility, cannot justify release pursuant to Section 3582(c)(1)(A)(i).

Finally, the evidence before the Court will not allow it to conclude that Defendant "is not a danger to the community," as required under Section 3582(c)(1)(A). As noted above and in Defendant's latest pre-sentence report, Defendant has sustained several felony convictions beyond the current one, including drug and violent crimes. Moreover, while his current conviction is based on a plea of guilty to being a felon in possession, the circumstances of the offense are more comprehensive than that. Defendant was the leader of an eight-person ring that falsified ATF purchase reporting records to buy, over an extended period of time, at least 83 firearms, several of which have been recovered at crime scenes. In light of Defendant's extensive criminal history and the circumstances of his current conviction, the Court cannot conclude he is not a danger to the community.

For all the above reasons,

**IT IS ORDERED** denying Defendant's Second Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release). (Doc. 334.)

Dated this 8th day of February, 2021.

Honorable John J. Tuchi
United States District Judge